UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIEL EDWARD MANES,

                       Petitioner,                   Case No. 1:07-cv-453

v.                                           Honorable Richard Alan Enslen

THOMAS K. BELL,

                       Respondent.

_____/

### REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner is currently incarcerated in Carson City Correctional Facility.  On May 30, 2001, Petitioner pleaded *nolo contendere* to assault with intent to do great bodily harm less than murder and first-degree home invasion.   On June 22, 2001, Petitioner was sentenced to imprisonment for six years and six months to ten years; seven years and eleven months to twenty years, respectively.  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied on May 16, 2002.  He then sought leave to appeal to the Michigan Supreme Court.  Petitioner's application was denied on September 30, 2003.

Petitioner filed a motion for relief from judgment on December 29, 2004, with Charlevoix County Circuit Court.  His motion was denied in an opinion dated March 24, 2005, and an order dated April 12, 2005.  Petitioner sought leave to appeal this order with the Court of Appeals, which was denied on October 11, 2006.  Petitioner then sought leave to appeal from the Michigan Supreme Court on October 26, 2006, which was denied on January 29, 2007.   Petitioner now brings a petition for habeas corpus relief before this Court.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531

U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year

limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that

provision, the one-year  limitations period runs from "the date on which the judgment became final

by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

§ 2244(d)(1)(A).  According to page two of Petitioner's amended application, Petitioner appealed

his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  (docket #5.)  The

Michigan Supreme Court denied his application on September 30, 2003.  Petitioner did not petition

for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not

begin to run until the ninety-day period in which Petitioner could have sought review in the United

States Supreme Court had expired.  *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007);

*Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on December

30, 2003.  *See Bronaugh*, 2000 WL 1847861, at *3 (under FED. R. CIV. P. 6(a), the first day for

counting purposes does not include the day of the act, event or default from which the designated

period of time begins to run).  Petitioner had one year, until December 30, 2004, in which to file his

habeas petition.

Petitioner filed a motion for relief from judgment on December 29, 2004, one day

before the expiration of statue of limitations to file his application for habeas relief.  A properly filed

application for state post-conviction review or other state collateral review tolls the statute of

limitations during the period the application is pending.  *See* 28 U.S.C. § 2244(d)(2).  The statute

of limitations is tolled from the filing of an application for state post-conviction or other collateral

relief until a decision is issued by the state supreme court.  *Lawrence*, 127 S. Ct. at 1083 (*overruling*

*Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003)).  The statute is not tolled during the time that

a Petitioner petitions for writ of certiorari in the United Stated Supreme Court.  *Id.* at 1084-85.

An application for post-conviction relief must be "properly filed."  An application is

""*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and

rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).  Assuming

- 4 -

that Petitioner's motion for relief from judgment was "properly filed," the statute of limitations would be tolled between December 29, 2004 and January 29, 2007, when the Michigan Supreme Court denied Petitioner's application for leave to appeal.  Petitioner then had one day remaining to file a habeas application before it was barred by the statute of limitations.  Petitioner filed his application on the date he signed the petition, April 17, 2007,[2] in the Eastern District of Michigan.[3] Obviously, he filed more than one year after the time for direct review expired.  Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied  "sparingly" by this Court.  *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009.  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

---

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on April 17, 2007, and it was received by the Court on April 18, 2007.  Thus, it must have been handed to prison officials for mailing at some time between April 17 and 18.  For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

[3] Petitioner's application was subsequently transferred to the U.S. Western District of Michigan and this Court where venue is proper.

Petitioner has failed to allege any facts or circumstances that would warrant its application in this case. Petitioner asserts that the attorney his family retained to pursue his habeas application was not diligent in pursing his application. (Br. in Sup. of Pet. at 5.) However, an attorney's mistakes and lack of due diligence in preserving a claimant's rights generally do not warrant equitable tolling of the statute. *See Jurado,* 337 F.3d at 644 (no equitable tolling where a "reasonably diligent attorney" could have pursued the Petitioner's claims within one year )*; Elliot v. DeWitt*, No. 00-3329, 2001 WL 523527, at *1 (6th Cir. May 8, 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000))*; Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001) (collecting cases). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 126 S. Ct. at 1684. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  June 22, 2007                             /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).