UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MANES,

       Petitioner,                              Hon. Richard Alan Enslen

v.                                            Case No. 1:07-CV-453

THOMAS BELL,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to Respondent's Motion for Summary Judgment. (Dkt. #19). Respondent asserts that Manes' petition for writ of habeas corpus must be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). Petitioner has not responded to this motion. In accordance with 28 U.S.C. § 636(b), the undersigned recommends that Respondent's motion be **granted**.

## BACKGROUND

On May 30, 2001, Petitioner pleaded no contest to one count of first degree home invasion and one count of assault with the intent to do great bodily harm less than murder. (Dkt. #23). Petitioner was sentenced to serve 95 months to 20 years in prison on the home invasion conviction and 78 months to 10 years in prison on the assault conviction. (Dkt. #24).

Petitioner appealed his conviction to the Michigan Court of Appeals. Petitioner's appeal was denied on May 16, 2002. (Dkt. #25). Petitioner then moved in the Michigan Supreme

Court for leave to appeal, a request which the court denied on September 30, 2003. (Dkt. #26). Petitioner did not appeal the matter to the United States Supreme Court.

On December 29, 2004, Petitioner moved in the trial court for relief from judgment, a request which was denied on March 24, 2005. (Dkt. #27). Petitioner's request for reconsideration was denied on April 12, 2005. Petitioner appealed the matter to the Michigan Court of Appeals, which denied relief on October 11, 2006. *Id.* Petitioner appealed this determination to the Michigan Supreme Court which likewise denied Petitioner relief on January 29, 2007. (Dkt. #28). On April 17, 2007, Petitioner initiated the present action for writ of habeas corpus. (Dkt. #1).

## ANALYSIS

Manes' petition, filed April 17, 2007, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which an inmate challenging a state court judgment must file his petition for writ of habeas corpus. The applicable statute of limitations provides the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

  In most instances, including the present case, § 2244(d)(1)(A) provides the operative date from which the one-year statute of limitations is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Pursuant to this provision, the one-year limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

  As noted above, Petitioner challenged his conviction on direct appeal in both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner relief on September 30, 2003. Because Petitioner did not appeal the matter to the United States Supreme Court, his conviction became final 90 days later on December 30, 2003. *See Lawrence v. Florida*, 127 S.Ct. 1079, 1083-84 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The statute of limitations, therefore, began to run on December 30, 2003.

  On December 29, 2004, one day before the expiration of the limitations period, Petitioner moved in the trial court for relief from judgment. A properly filed application for state post-conviction relief tolls the statute of limitations during the period that such application is

pending. *See* 28 U.S.C. 2244(d)(2). However, once a decision is issued by the state's highest court the limitations period resumes running. As previously noted, on January 29, 2007, the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his request for post-conviction relief.[1] The statute of limitations resumed running (and expired) the following day, more than two and one-half months before Manes filed his petition for writ of habeas corpus. Accordingly, Manes' petition for writ of habeas corpus was not timely filed.

The one-year limitations period is, however, subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit has cautioned, however, that equitable tolling "should be granted sparingly." *Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006). To establish entitlement to equitable tolling Petitioner must establish: (1) that he has been diligently pursuing his rights, and (2) that "some extraordinary circumstance" prevented him from timely filing his petition. *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to allege any facts or circumstances that would entitle him to equitable tolling in this matter. While Petitioner asserts that his attorney was not diligent in pursing his application for habeas relief, such does not merit equitable tolling of the statute. *See Jurado v. Burt,* 337 F.3d 638, 644 (6th Cir. 2003) (no equitable tolling where a "reasonably diligent attorney" could have timely asserted the petitioner's claims)*; Elliot v. DeWitt*, 10 Fed. Appx. 311, 312 (6th Cir. May 8, 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)) ("an attorney's

---

[1] There is no indication that Petitioner appealed this decision to the United States Supreme Court. However, even if Petitioner had done so it would not have served to toll the statute of limitations. *See Lawrence*, 127 S.Ct. at 1083-85 (while a prisoner can appeal the state court's denial of his request for post-conviction relief to the Unites States Supreme Court, such does not toll the statute of limitations articulated in § 2244).

mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling"); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001) (collecting cases). The Court concludes, therefore, that Petitioner is not entitled to equitable tolling of the statute of limitations.

## CONCLUSION

For the reasons detailed herein, the undersigned recommends that Respondent's motion to dismiss as untimely Manes' petition for writ of habeas corpus be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: July 11, 2008                    /s/ Ellen S. Carmody
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge